Opinion issued February 8, 2007 



 














In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00352-CR

NO. 01-06-00353-CR

____________


RICKY GLENN WHITEHEAD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 716249 & 1028490






MEMORANDUM OPINION

 In appellate cause number 01-06-00353-CR, (1) the trial court found appellant,
Ricky Glenn Whitehead, guilty of the offense of assault on a public servant (2) and, after
finding true the allegation in an enhancement paragraph that appellant had a prior
felony conviction, assessed his punishment at confinement for ten years. In appellate
cause number 01-06-00352-CR, (3) the trial court revoked appellant's community
supervision from a previous conviction for the offense of assault on a public servant
and assessed his punishment at confinement for ten years. The trial court further
ordered that the two sentences run concurrently. In two points of error, appellant
contends that the evidence is legally and factually insufficient to support his
convictions.

 We affirm.

Factual Background

 Harris County Constable Precinct 4 Sergeant S. Ener testified that on May 27,
2005, while he was on patrol, he saw appellant driving a car at seventy miles per hour
("mph") in a fifty mph zone. Ener activated the emergency lights and siren of his
patrol car and, once behind appellant, noticed that appellant was weaving his car
between the lines of the center lane. After appellant stopped his car, Ener approached
appellant and asked him for his driver's license and proof of financial responsibility. 
Ener "detected a strong odor of an alcoholic beverage and [appellant's] speech was
very slurred." Appellant told Ener that he had had "a couple" of drinks that night,
agreed to submit to field sobriety testing, and stepped out of his car.

 After administering field sobriety tests to appellant, Sergeant Ener advised him
that he was under arrest for driving while intoxicated ("DWI"). Because appellant's
wrist size was larger than standard handcuffs, Ener handcuffed appellant using leg
irons. Ener explained that regular handcuffs generally have two to three links of
chain between each handcuff, whereas leg irons have approximately two to three feet
of chain between the cuffs in order to allow a person to walk. Although Ener
handcuffed appellant behind his back using the leg irons, appellant was still able to
move and use his arms. After Ener placed appellant in the back seat of the patrol car,
appellant "was very agitated, very argumentative," and kept telling Ener that he "was
ruining his life, that his wife had just left him, [and] that he was going to lose
everything he had."

 Ener also testified that, as he transported appellant to the Humble substation
to process appellant for DWI, appellant "berated [Ener] for arresting him, telling
[Ener] [that appellant] was going to make his son an orphan, that [Ener] should just
let him go, other officers have, that he was just having a bad day, and numerous other
things." Ener became concerned as appellant seemed more agitated and was making
movements in the backseat of the patrol car. 

 Once at the substation, Ener sat appellant in a chair next to a supervisor's desk
so that Ener could sign onto a computer and print out a booking sheet. As Ener was
doing his paperwork, appellant jumped up and told Ener to hit him, stating, "I know
you want to. Why don't you just shoot me? I know you want to." At this point,
appellant was standing, and Ener stood up and forcibly put appellant back into the
chair. Ener then radioed for help, explaining that appellant "was getting out of
control." Appellant then got back up and moved toward Ener. Ener explained that
appellant's hands came "just a little past" appellant's waist and that Ener felt as
though appellant was trying to grab him or his weapon. Appellant lunged toward
Ener, and Ener "put [appellant] face first down on the desk." In response, appellant
became more agitated and "shoved back from the desk," "trying to stomp on [Ener],
kick [him], and hit - head butt [him] with his head." Ener and appellant then went
"backwards over into some fixed desks where [they] slammed into it, [Ener's] hand
between [appellant] and the desk." Ener specifically testified that appellant pushed
him "[w]ith his weight and his hands." 


 Ener further testified that, as they were struggling, Ener tried to trip appellant
and the two fell backwards, with the back of Ener's hand against the desk and
appellant's weight slamming against Ener's hand. During this time, appellant was
kicking, head butting, and trying to bite Ener. While on the ground, with Ener "half
underneath" appellant, Harris County Sheriff's Sergeant M. Alvarado began banging
on the door. Ener told Alvarado the code to the door, and Alvarado entered the room. 
Ener explained that he had previously had two surgeries on his hand and that his hand
was still in "a half cast." Despite the cast, Ener was still able to feel the impact in his
hand. As a result of the present incident, Ener received a slight bruise on his hand.

 Sergeant Alvarado testified that, as he was looking through the window, he saw
Ener struggling with appellant and rolling around on the floor. Appellant was
screaming, "[j]ust let me go." Once Alvarado came inside, he noticed that appellant
"was a big guy" and warned appellant, "[i]f you don't stop resisting, I'm going to
taser you." Ener was trying to hold appellant down, and appellant was trying to get,
or roll on top of Ener. After Alvarado tasered appellant, the sergeants were able to
subdue him.

Legal and Factual Sufficiency

 In his first point of error, appellant argues that the evidence is legally
insufficient "to prove he either intended to injure Sgt. Ener or that he knowingly
caused bodily injury to him by pushing him with his hand" because "the evidence
shows merely that [a]ppellant resisted Ener's efforts to force him face down into the
desk; the fall that allegedly caused the hand injury was the product of Ener tripping
[a]ppellant." Although appellant contends that "his claim is one of pure legal
insufficiency" and "does not lend itself to being 're-characterized' as a variance
problem," he asserts that "if the issue is viewed as one of variance," that "[t]his type
of variance requires a new trial, at minimum." In response, the State argues that
"[t]here was no variance between that which was alleged in the indictment and that
which was proved at trial because the complainant testified that . . . appellant pushed
the complainant with his weight and his hands, and that, as a result, the complainant's
hand was slammed in between . . . appellant and one of the desks."

 In his second point of error, appellant argues that the evidence is factually
insufficient to support his conviction because (1) a videotape, admitted into evidence
as State's exhibit 3, depicting appellant's arrest and transport to the substation, "does
not portray a physically aggressive or combative individual" as described by Sergeant
Ener in his testimony; (2) "[a]ppellant did not have the normal use of his physical and
mental faculties, due to the introduction of alcohol into his body"; and (3) "[t]he fact
that [a]ppellant's hands were shackled behind him while the complainant was forcing 

him face down onto the desk makes it highly unlikely that [a]ppellant was able to use
his hands as alleged in an intentional or knowing manner."

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We note that
the trier of fact is the sole judge of the weight and credibility of the evidence. 
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when
performing a legal sufficiency review, we may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact finder. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).

 In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if proof of guilt is so obviously
weak as to undermine confidence in the jury's determination, i.e., that the verdict
seems "clearly wrong and manifestly unjust," or the proof of guilt, although legally
sufficient, is nevertheless against the great weight and preponderance of the evidence. 
Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). In performing a
factual sufficiency review, we are to give deference to the fact finder's
determinations, including determinations involving the credibility and demeanor of
witnesses. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We may not
substitute our judgment for the fact finder's. Watson, 204 S.W.3d at 414-15.

 In regard to appellate cause number 01-06-00353-CR, a person commits the
offense of assault on a public servant if he intentionally, knowingly, or recklessly
causes bodily injury to another, and the offense is committed against a person the
actor knows is a public servant while the public servant is lawfully discharging an
official duty. Tex. Pen. Code Ann. § 22.01(a)(1), (b)(1) (Vernon Supp. 2006). In
relevant part, the indictment in the present case alleges that appellant,

. . . heretofore on or about May 27, 2005, did then and there unlawfully
intentionally and knowingly cause bodily injury to S. Ener, hereinafter
called the complainant, a person the defendant knew was a public
servant while the complainant was lawfully discharging an official duty,
to wit: processing the defendant for arrest, by pushing the complainant
with his hand. Here, Ener testified that appellant was very agitated and that Ener was
concerned about appellant's aggressive nature. Ener further testified that appellant
was pushing him "[w]ith his weight and his hands," and as a result, Ener's hand was
slammed between appellant and one of the desks. Ener also explained that despite
appellant being handcuffed behind his back with the leg irons, appellant was still able
to move and use his arms. Thus, there was no variance between what was alleged in
the indictment and what was proved at trial. See Gollihar v. State, 46 S.W.3d 243,
246 (Tex. Crim. App. 2001) ("A 'variance' occurs when there is a discrepancy
between the allegations in the charging instrument and the proof at trial."). Viewing
all the evidence in the light most favorable to the verdict, we conclude that a rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Accordingly, we hold that the evidence is legally sufficient to
support appellant's conviction in appellate cause number 01-06-00353-CR.

 Also, appellant's demeanor as demonstrated in the videotape and the fact that
appellant was intoxicated at the time do not serve to prove that appellant did not
intend to injure Ener or cause him bodily injury by pushing Ener with his hand. Even
though appellant's hands were "shackled" behind him, Ener testified that there was
approximately two to three feet of slack between the cuffs and that appellant was still
able to move and use his arms. Viewing the evidence neutrally, we conclude that it
is not so obviously weak such that the verdict seems "clearly wrong and manifestly
unjust" or that the proof of guilt is against the great weight and preponderance of the
evidence. Accordingly, we hold that the evidence is factually sufficient to support
appellant's conviction in appellate cause number 01-06-00353-CR.


 We overrule appellant's two points of error in appellate cause number 01-06-00353-CR.

Revocation of Probation

 In appellate cause number 01-06-00352-CR, appellant, in his brief, 

submits that the legally and factually insufficient evidence produced
during the consolidated proceeding was also insufficient to prove up this
particular allegation in the motion to revoke probation. However,
[a]ppellant does not challenge the sufficiency of the evidence offered to
prove he committed the offense of driving while intoxicated on the same
date, primarily based on his own admissions on the videotape . . . and
Sgt. Ener's uncontroverted testimony, so whether or not the assault
allegation was proved would not affect disposition of the motion to
revoke probation.


If some evidence supports a trial court's finding of a single violation of community
supervision, we uphold a revocation. See Brooks v. State, 153 S.W.3d 124, 127 (Tex.
App.--Beaumont 2004, no pet.). As appellant concedes that the motion to revoke
probation could be properly grounded on the evidence supporting a DWI offense, we
overrule appellant's two points of error in appellate cause number 01-06-00352-CR.


Conclusion

 We affirm the judgments of the trial court.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. Trial court cause number 1028490.
2. See Tex. Pen. Code Ann. § 22.01(a)(1), (b)(1) (Vernon Supp. 2006).
3. Trial court cause number 716249.